RODRÍGUEZ ET AL. *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Caguas.

No. 32.—Decided November 4, 1909.

PROCEEDINGS TO OBTAIN POSSESSORY TITLE—PAYMENT OF TAXES.—In this case in order to show compliance with the requirement of payment of taxes in proceedings to obtain a possessory title prosecuted in 1908, a certificate was presented showing that Sebastián Rivera, the husband of one of the petitioners and the father of the others, from whom they all derived their rights, appeared as a taxpayer during the fiscal year of 1908–9 under title of ownership of the property. *Held:* That a person other than petitioners cannot be said to pay taxes, because such petitioners are the continuators of the person of Rivera.

ID.—WHO MAY INSTITUTE PROCEEDINGS.—Any property owner without a written title of ownership has a right to show his possession without regard to the time of acquisition or the nature of the title.

ID.—RECORD THEREOF IN THE REGISTRY.—Where possession is declared to have been proved in favor of the petitioner his right will be recorded in the registry, and it is not necessary that the property shall have been previously recorded in favor of the person or persons from whom petitioner derived his rights.

The facts are stated in the opinion.

*Mr. Lorenzo Giménez García* for petitioner.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Possessory proceedings having been instituted on October 5, 1908, in the municipal court of Caguas by Carmen Rodríguez, the widow of Sebastián Rivera and others, with reference to an estate of 136 *cuerdas* situated in *barrio* of "Bairoa" in the municipal district of Aguas Buenas, said court, by order of December 17 of the same year, approved the application without prejudice to third persons, and directed that said possession be recorded in the registry of property of said district.

The Registrar of Caguas denied the record on April 15 of the current year, by a decision conceived in the following terms:

"The record of the foregoing document is denied on account of the incurable defect that it has not been established through the proper certificate issued by the Treasurer of Porto Rico, that the petitioners have been paying the taxes levied on said estate as owners, and although they submit a certificate issued by the said Treasurer, it is to be deduced from the latter that the owner of the said estate is Sebastián Rivera, in whose name the said estate must first be recorded, and then under the will or declaration of heirs and the instrument of the partition and liquidation of the property of said deceased person, it may be recorded in the name of his heirs, the petitioners; and in lieu of such record a cautionary notice has been entered to have effect during 120 days at folio 61 of volume 14 of Aguas Buenas, estate No. 693, record letter A. Caguas, April 15, 1909. S. Abella Baston, Registrar."

The petitioners appealed to this Supreme Court from said decision and the appeal is now awaiting our decision.

We do not admit the grounds alleged in the decision appealed from, because the petitioners have shown that Sebastián Rivera appears as a taxpayer in the fiscal year 1908-9, as owner of the estate in question, according to a certificate issued by the Treasurer of Porto Rico on August 5 of last year, and as Rivera is the deceased husband of Carmen Rodríguez and the father of the other petitioners, all of whom alleged that they had acquired the estate from him by inheritance upon his death on July 21, 1900, it is evident that in this case it cannot be said that the taxes are being paid in the capacity of owner by a person other than those who seek to establish the possession, they being the continuators or successors of the person of said Rivera, and, therefore, the case does not come under the third paragraph of section 436 of the Regulations for the execution of the Mortgage Law. Said paragraph reads as follows:

"If it appears from the documents that the tax is paid in the name of the owner by a person other than the one who desires to prove the possession, and there is no other defect or obstacle preventing the record, the latter shall be suspended, and a cautionary notice shall be made thereof, because of an error capable of correction."

But the fact is that, according to the provision transcribed, even if the certificate issued by the Treasurer of Porto Rico did not refer to the predecessor in interest of the petitioners, but to a different person, such defect would be curable, and, consequently, even on this assumption the record of the possession should have been made with said defect, in compliance with the provisions of the fourth section of the act relating to appeals from decisions of registrars of property, approved March 1, 1902.

Moreover, if Sebastián Rivera died on July 21, 1900, it follows that his succession is really the one which must have

paid in 1908 to 1909 the tax on the estate where possession is involved, and, therefore, the certificate issued by the treasurer affects said succession, which by presenting the document mentioned has complied with the provisions of article 391 of the Mortgage Law.

We do not find any legal provision whatsoever which requires the record of the estate to be first made in favor of Sebastián Rivera in order that it may thereafter be recorded in the name of his heirs. Article 390 of the Mortgage Law recognizes in all owners who may lack a written title of ownership, the right of establishing their possession, whatever be the time of the acquisition and the nature of the title; and in view of so general a precept, it is not possible to require, when a hereditary title is involved, that the possession of the predecessor in interest be first recorded, as alleged by the Registrar of Property of Caguas.

For the reasons stated, we believe that the decision appealed from April 15 of the current year should be reversed, and that the Registrar of Caguas should record the possessory title in question.

*Reversed.*

Justices Figueras, MacLeary, Wolf and del Toro concurred.